UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT A. DRIZ,<br>　　　　　Plaintiff,<br>　　v.<br>FCA US, LLC,<br>　　　　　Defendant. | Case No. 22-cv-01605-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND TO STRIKE**<br><br>[Re: ECF No. 15] |

Plaintiff Robert A. Driz ("Plaintiff") brings this action against Defendant FCA US LLC ("Defendant" or "FCA") arising out of alleged defects in his 2019 Chrysler Pacifica. Plaintiff asserts five warranty statute violations (First, Second, Third, Fourth, and Fifth Claims) and one claim of fraudulent inducement (Sixth Claim). Complaint, ECF No. 1. Defendant has moved to dismiss only Plaintiff's fraud claim and to strike the request for punitive damages. ECF No. 15-1 ("Motion").

For the reasons set forth below, the Court GRANTS Defendant's motion to dismiss and DENIES Defendant's motion to strike.

## I. BACKGROUND

### A. Factual Background

On February 10, 2019, Plaintiff Robert A. Driz purchased a 2019 Chrysler Pacifica ("Vehicle") from Defendant FCA US, LLC. ECF No. 1 ("Compl.") ¶ 9. Plaintiff alleges, *inter alia*, that Defendant fraudulently concealed material information regarding the safety of the Vehicle, which manifested as "[d]efects and nonconformities . . . including but not limited to, the electricals, engine, and transmission." *Id.* ¶¶ 14, 102. The Complaint focuses on a transmission defect allegedly present in 2017 – 2020 Chrysler Pacifica models ("Stalling Defect"). *Id.* ¶ 17.

The Stalling Defect can purportedly lead to "stalling, shutting off, and/or loss of power," and affects the 9HP transmission and Powertrain Control Module ("PCM") in Defendant's vehicles. *Id.* ¶¶ 17-18.

In relevant part, Plaintiff alleges that, despite having "superior and exclusive knowledge" of the Stalling Defect, Defendant concealed or failed to disclose this information. *Id.* ¶¶ 23, 105-106. The Complaint alleges that Defendant was aware of the Stalling Defect from the "complaints regarding the Stalling Defect" and "FCA's own aggregate pre-market data and other aggregate post-market data from FCA authorized dealers." *Id.* ¶¶ 24, 27. Plaintiff alleges he himself was unaware of the Stalling Defect, despite allegedly "interact[ing] with FCA's sales representatives and review[ing] materials disseminated by FCA concerning FCA Vehicles." *Id.* ¶ 21-22. Plaintiff would not have purchased the Vehicle had FCA disclosed the Stalling Defect. *Id.* ¶ 107.

### B. Procedural History

Plaintiff initiated this suit on March 2, 2022. ECF No. 1. Now before the Court is Defendant's motion to dismiss Plaintiff's sixth claim for "Fraudulent Inducement – Concealment." Mot. 1. Defendant also seeks to strike Plaintiff's claim for punitive damages because, without the fraud claim, Plaintiff's other claims do not permit recovery of punitive damages. *Id.* On August 18, 2022, this Motion was submitted without oral argument and the hearing vacated. ECF No. 30.

## II. LEGAL STANDARD

### A. Motion to Dismiss

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)

(internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Furthermore, when a complaint includes allegations of fraud, Federal Rule of Civil Procedure 9(b) requires plaintiffs to state with particularity the circumstances constituting fraud, including the "'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). These circumstances must be "specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Id.* (internal ellipses omitted).

When the Court grants a motion to dismiss, leave ordinarily must be granted unless one or more of the following factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (discussing *Foman* factors).

### B. Motion to Strike

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "While a Rule 12(f) motion provides the means to excise improper materials from pleadings, such motions are generally disfavored because the motions may be used as delaying tactics and because of the strong policy favoring resolution on the merits." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010). "If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004) (citations omitted). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Cruz v. Bank of N.Y. Mellon*, 2012 WL 2838957, at *2 (N.D. Cal. July 10, 2012) (citing *Whittlestone*, 618 F.3d at 973).

### III. DISCUSSION

Defendant moves to dismiss Plaintiff's sixth claim as barred by the economic loss rule and for failure to state a fraud claim with particularity under Rule 9(b). Furthermore, because this claim is the only claim that permits recovery of punitive damages, Defendant also moves to strike Plaintiff's prayer for punitive damages. Mot. 6.

#### A. Economic Loss Rule

Because the economic loss rule is a substantive legal principle, its application is governed by California law. *See, e.g.*, *Rattagan v. Uber Techs., Inc.*, 19 F.4th 1188, 1191 (9th Cir. 2021) (certifying the question of whether the economic loss rule bars fraudulent concealment claims).

The economic loss rule can be described as follows: "Where a purchaser's expectations in a sale are frustrated because the product he bought is not working properly, his remedy is said to be in contract alone, for he has suffered only economic losses." *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004) (internal quotation marks and brackets omitted). "Economic losses" include "damages for inadequate value, costs of repair and replacement of the defective product or consequent loss of profits—without any claim of personal injury or damages to other property." *Id.* In application, this rule means that tort damages, such as "damages for mental suffering and emotional distress[,] are generally not recoverable in an action for breach of an ordinary commercial contract in California." *Erlich v. Menezes*, 21 Cal. 4th 543, 558 (1999). "[T]he economic loss rule prevents the law of contract and the law of tort from dissolving into one another." *Robinson Helicopter*, 34 Cal. 4th at 988 (internal brackets omitted").

The California Supreme Court, however, has recognized certain contract cases where tort damages are nonetheless permitted, the most relevant of which are those "where the contract was fraudulently induced." *Id.* at 990 (quoting *Erlich*, 21 Cal. 4th at 552); *see also R Power Biofuels, LLC v. Chemex LLC*, No. 16-CV-00716-LHK, 2017 WL 1164296, at *5 (N.D. Cal. Mar. 29, 2017) ("[F]raudulent inducement is a well-recognized exception to the economic loss rule."). This exception stems from the intersection of "two crucial public policy concerns: freedom of contract and abhorrence of fraud." *Rattagan*, 19 F.4th at 1192 (internal quotation marks omitted); *see also Las Palmas Assocs. v. Las Palmas Ctr. Assocs.*, 235 Cal. App. 3d 1220, 1238 (1991) ("[N]o public

4

policy is served by permitting a party who never intended to fulfill his obligations to fraudulently induce another to enter into an agreement."). In addition to the exception for fraudulent *inducement*, the California Supreme Court has also carved out certain claims of fraudulent *performance* of a contract as exceptions to the economic loss rule, specifically those where the performance involved affirmative misrepresentations. *Robinson Helicopter*, 34 Cal. 4th at 990-91 (holding that economic loss rule did not apply where defendant had provided false certificates of conformance).

        Defendant preemptively argues that Plaintiff's fraud claim does not fall within the narrow exception established by *Robinson Helicopter* and, therefore, the claim is barred by the economic loss rule. Mot. 11. Plaintiff, however, disputes that *Robinson Helicopter* controls the proper exception applicable to his fraud claim. Opp. 16. The Court agrees with Plaintiff that *Robinson Helicopter*'s exception—which only addressed fraud in the performance of a contract—does not apply to Plaintiff's claim for fraudulent inducement. 34 Cal. 4th at 984 ("In this case, we decide whether the economic loss rule . . . applies to claims for intentional misrepresentation or fraud in the *performance of a contract*.") (emphasis added). Furthermore, even though it did not involve a fraudulent inducement claim, *Robinson Helicopter* did acknowledge fraudulent inducement as a separate standalone exception to the economic loss rule. *Id.* at 989-90 ("Tort damages have been permitted in contract cases . . . where the contract was fraudulently induced.") (internal quotation marks omitted); *Yetter v. Ford Motor Co.*, No. 19-CV-00877-LHK, 2019 WL 3254249, at *7 (N.D. Cal. July 19, 2019) ("Thus, the economic loss rule does not bar Plaintiff's fraud claims, all of which sound in fraudulent inducement."). Accordingly, despite Defendant's arguments, the "affirmative misrepresentation" language emphasized in the *Robinson Helicopter* exception do not bear on the facts here, where Plaintiff invokes a different exception to the economic loss rule. Defendant's efforts to distinguish Plaintiff's fraudulent inducement claim from *Robinson Helicopter* are ultimately inapposite.

        Defendant cites heavily to *In re Ford Motor Co. DPS6 Powershift Transmission Prod. Liab. Litig.*, 483 F. Supp. 3d 838, 848-50 (C.D. Cal. 2020), to support its interpretation and application of *Robinson Helicopter*. Mot. 11-12; Reply 2-3. However, as the Court discussed

above, the *Robinson Helicopter* exception does not apply in this case, and the analysis conducted in *In re Ford* is therefore distinguishable from the one required here.[1]

The Court is also unpersuaded by Defendant's argument that the economic loss rule applies because Plaintiff failed to allege any facts supporting an independent duty separate from his warranty claims. Mot. 13-14. The Complaint does plead an independent "duty to Plaintiff to disclose the defective nature of the Vehicle and its transmission," because the alleged defect raises a safety concern. Compl. ¶¶ 18, 104. Federal courts applying California law have recognized a manufacturer's duty to disclose defects that present an "unreasonable safety hazard." *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1141-43 (9th Cir. 2012) (collecting cases). Because the Stalling Defect is an alleged safety hazard, Defendant had a separate duty to disclose, independent from its contractual duty to perform under the warranty.

Properly pled, claims for fraudulent inducement fall under their own "well-recognized exception to the economic loss rule." *R Power Biofuels, LLC*, 2017 WL 1164296, at *5. The Court accordingly finds that the economic loss rule does not bar Plaintiff's sixth claim for fraudulent inducement.

**B.     Rule 9(b)**

In addition to claiming that Plaintiff's fraud claim is barred by the economic loss rule, Defendant also argues that Plaintiff failed to plead their fraud claim with particularity under Rule 9(b). Mot. 14-16.

As noted above, Rule 9(b) requires plaintiffs to state with particularity the circumstances constituting fraud, including the "'the who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1106. Under California law, the elements for a fraudulent

---

[1] It is worth noting that the Ninth Circuit has specifically cited *In re Ford*—a case where the same court reached different conclusions on the economic loss rule in different orders—to exemplify the inconsistency among federal courts' applications of the economic loss rule in the fraudulent concealment context. *See Rattagan*, 19 F.4th at 1192 ("Occasionally, such diametrically opposed holdings have appeared within the same litigation.").

1  inducement claim are, as follows: (1) a misrepresentation, false representation, concealment, or
2  nondisclosure; (2) knowledge of falsity; (3) intent to defraud or induce plaintiff to enter into a
3  contract; (4) justifiable reliance; and (5) resulting damage. *See Edwards v. FCA US LLC*, No. 22-
4  CV-01871-WHO, 2022 WL 1814144, at *2 (N.D. Cal. June 2, 2022) (citing *Lazar v. Superior Ct.*,
5  12 Cal. 4th 631, 638 (1996)).

6  Defendant argues that, although the Complaint provides extensive details regarding a
7  "Stalling Defect" in vehicles with Defendant's PCM and 9HP transmission (Compl. ¶ 17), the
8  Complaint is generally bereft of allegations regarding Plaintiff's Vehicle specifically. Mot. 15-16;
9  Reply 5. The Court agrees with Defendant on this point. The Complaint only pleads that
10 "[d]efects and nonconformities to warranty manifested themselves within the applicable express
11 warranty period, including but not limited to, the electricals, engine, and transmission," as well as
12 Plaintiff's general belief that "FCA knew . . . that the 2017-2020 Chrysler Pacifica vehicles
13 equipped with a 9HP transmission are defective." Compl. ¶¶ 14, 17; *see also* Opp. 1-2 (same).
14 The Complaint contains no allegations that Plaintiff's Vehicle had specifically exhibited stalling
15 issues, that Plaintiff took his Vehicle to a repair shop for transmission issues, or any other
16 allegations indicating that the Vehicle did indeed contain the Stalling Defect seen in other similar
17 vehicles. *Id.* ¶¶ 23-36. Although the general allegation that Plaintiff's Vehicle manifested some
18 defects with its "electricals, engine, and transmission" may suffice for Plaintiff's warranty claims,
19 they do not satisfy Rule 9(b)'s heightened pleading requirement, especially when Plaintiff's fraud
20 claim turns on Defendant's alleged concealment of the specific Stalling Defect. *See Petersen v.*
21 *FCA US LLC*, 2021 WL 3207962, at *4 (C.D. Cal. May 10, 2021) (finding complaint deficient for
22 "alleg[ing] only performance problems, not the defect FCA allegedly failed to disclose, and
23 therefore does not identify the defect with enough specificity"). For this reason, Plaintiff's fraud
24 claim fails to allege with sufficient specificity the actual defect exhibited in Plaintiff's Vehicle and
25 that the defect was indeed the Stalling Defect allegedly concealed by Defendant.

26 Although the Complaint's failure to plead the defect with particularity alone warrants the
27 dismissal Plaintiff's fraud claim, the Court also expresses some concern regarding the sufficiency
28 of the Complaint's allegations of Plaintiff's reliance. Because Plaintiff alleges fraud by

concealment, he is only required to establish reliance by alleging that "had the omitted information been disclosed, [he] would have been aware of it and behaved differently." *See, e.g.*, *Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1093 (1993). The Complaint alleges that Plaintiff is a "reasonable consumer who interacted with sales representatives, considered FCA's advertisement, and/or other marketing materials concerning the FCA Vehicles prior to purchasing the Subject Vehicle." Compl. ¶ 22. The Court finds that these allegations, couched in the potential disjunctive, fail to "give [Defendant] notice of the particular misconduct so that [it] can defend against the charge and not just deny that [it has] done anything wrong." *Vess*, 317 F.3d at 1106. The Court recognizes the difficulty associated with pleading reliance on an omission, but Plaintiff "still should be able to identify with particularity at least the specific policies and representations that [he] reviewed" to sufficiently plead that he *would have* seen the disclosure had one been made. *In re Facebook PPC Advert. Litig.*, No. 5:09-CV-03043-JF, 2010 WL 3341062, at *10 (N.D. Cal. Aug. 25, 2010). As to Plaintiff's interactions with sales representatives, the Complaint fails to provide even basic details, such as from which dealership Plaintiff purchased the Vehicle. *See* Compl. ¶ 9 (noting only that Plaintiff entered into a warranty contract with Defendant "in California"); Opp. 1-2 (same). Accordingly, the Court finds that Plaintiff's allegations of reliance are also wanting.

Because the Complaint fails to plead with particularity the specific defect in Plaintiff's Vehicle and that Plaintiff would have been aware of the alleged omission had it been made, the Court GRANTS Defendant's motion to dismiss Plaintiff's claim for Fraudulent Inducement – Concealment. The Court, however, finds that these deficiencies may be remediated with further factual allegations and, therefore, will grant Plaintiff LEAVE TO AMEND.

### C. Motion to Strike

Because the Court is granting Plaintiff leave to amend the deficiencies in his Complaint, it cannot say that Plaintiff's request for punitive damages would be "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). Should Plaintiff amend his Complaint with additional factual allegations to support a proper fraud claim, punitive damages may be available to him. *See, e.g.*, *Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, No. C 09-03529 JSW, 2011 WL 1152568, at *9 (N.D. Cal. Mar. 28, 2011) (denying motion to strike because

"[s]hould Plaintiff elect to amend the complaint and allege a proper claim for common law fraud, it may attempt to allege sufficient facts to warrant a possible award of punitive damages.").

Accordingly, Defendant's motion to strike Plaintiff's request for punitive damages is DENIED WITHOUT PREJUDICE.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

- Defendant's motion to dismiss and to strike is GRANTED IN PART and DENIED IN PART.
- The Complaint's sixth claim for "Fraudulent Inducement – Concealment" is DISMISSED WITH LEAVE TO AMEND. Any amended pleading shall be filed within 21 days of this order.
- Defendant's motion to strike is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Dated: September 19, 2022

_____
BETH LABSON FREEMAN
United States District Judge